IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANA VILLEGAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION NO. 4:11-CV-904 |
| V. | § | |
| | § | |
| REGIONS BANK, REGIONS FINANCIAL CORPORATION, AND REGIONS MORTGAGE, INC. | § § § | COLLECTIVE ACTION (JURY DEMANDED) |
| DEFENDANTS. | § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Ana Villegas files this Response to Defendants' Motion for Summary Judgment ("Ds Mot.") [Doc. No. 18], and in support thereof shows the following:

## I. SUMMARY

Plaintiff Ana Villegas[1] ("Plaintiff" or "Ms. Villegas") was employed by Defendants as a mortgage loan officer within three years prior to the filing of her lawsuit. Ms. Villegas brings this lawsuit asserting that she was misclassified by Defendants as an exempt employee under the Fair Labor Standards Act ("FLSA") the Fair Labor Standards Act ("FLSA"), 29 U. S. C. § 201 *et seq*. Plaintiff was denied both overtime compensation and even minimum wages. Defendants assert that Plaintiff's claims are barred by the FLSA statute of limitations. Under the FLSA, the statute of limitations is two years, but extends to three years for "willful" violations 29 U.S.C. § 255(a). A violation is "willful" if the employer either "knew or showed reckless disregard for

---

[1] When Plaintiff worked for Defendants she had a different surname and was known as Ana Srinivasan and later as Ana de la Rosa.

… whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.,* 324 F. 3d 813, 821 (5th Cir. 2003).

Defendants have moved for summary judgment on the grounds that there is no genuine issue of material fact with respect to whether Defendants willfully violated the FLSA. Defendants assert that they relied on the "guidance from the U.S. Department of Labor" in "classifying Plaintiff as an exempt employee under the FLSA." Ds Mot. at 4 [Doc. No. 18]. Specifically, Defendants contend that they relied on U.S. Department of Labor Wage and Hour Opinion Letter FLSA2006-31[2] "which stated that mortgage loan officers qualified for the FLSA's administrative exemption." Ds Mot. at 4 [Doc. No. 18]. Defendants argue that adhering to the guidelines set forth in Opinion Letter FLSA2006-31, they determined that Plaintiff was deemed exempt from overtime wages under the administrative exemption, 29 U.S.C. § 213(a)(1). *Id*.

It is this admission that provides evidence of Defendants' willful violation of the FLSA. In Opinion Letter FLSA2006-31, the U.S. Department of Labor ("DOL") specifically states that the "administrative exemption requires payment on a salary or fee basis of not less than $455 per week."[3] Here, it is undisputed that Plaintiff was not paid any salary, and certainly not a salary of $455 per week.[4] Instead, Plaintiff was paid on a commission basis without any guaranteed salary or even minimum wages. Defendants have admitted that they examined Opinion Letter FLSA2006-31, so they were clearly aware of the salary basis requirement in order to satisfy the administrative exemption. Accordingly, Defendants knew or at a minimum showed reckless disregard for whether their conduct in classifying Ms. Villegas as exempt violated the FLSA.

---

[2] DOL Opinion Letter FLSA2006-31, Ex. 2.
[3] DOL Opinion Letter FLSA2006-31 at p. 2, Ex. 2.
[4] Sworn Declaration of Ana Villegas, Ex. 1.

Moreover, Defendants failed to even plead the administrative exemption as an affirmative defense in this case,[5] and as such, have waived the defense. *See* FED. R. CIV. P. 8(c); *John R. Sand & Gravel Co. v. U.S.*, 552 U.S. 130, 133 (2008) (A defendant generally must plead an affirmative defense in its answer or it is waived.). Accordingly, Defendants cannot rely on this defense as a basis for avoiding the willfulness of their conduct in violating the FLSA.

Finally, Defendants have further requested that the Court dismiss co-defendants Regions Financial Corporation and Regions Mortgage, Inc. Defendants have stated that Regions Mortgage, Inc. is no longer a separate entity and is now a subdivision of Regions Bank. As discussed below, Plaintiff was jointly employed by Defendants Regions Bank and Regions Financial Corporation.

## II. SUMMARY JUDGMENT STANDARD

In order to prevail on summary judgment, Defendants must show that there is "no genuine issue of material fact and that [they are] entitled to judgment as a matter of law."[6] Summary judgment is a drastic device, and therefore Defendants bear a heavy burden of demonstrating the absence of any triable issue of material fact.[7] All inferences drawn from the evidence must be viewed in the light most favorable to Plaintiff, as the non-movant.[8] The evidence of Plaintiff, as the non-movant, is to be believed at the summary judgment stage.[9]

A genuine issue of material fact is present when the evidence is such that a reasonable jury could return a verdict in favor of the non-movant.[10] "It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the

---

[5] *See* Defendants' Original Answer. [Doc. No. 7]
[6] *See* FED. R. CIV. P. 56(c).
[7] *See, e.g., Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F. 3d 157, 160 (2nd Cir. 1999).
[8] *See, e.g., Eastman Kodak Co. v. Image Tech. Serv., Inc.,* 504 U. S. 451, 457 (1992); *United Fire & Cas. Co. v. Hixson Bros. Inc.,* 453 F.3d 283, 285 (5th Cir. 2006) (citation omitted).
[9] *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 255 (1986).
[10] *Anderson.,* 477 U. S. at 248.

plaintiff has no evidence to prove his case."[11]  Merely asserting the absence of proof on factual issues in conclusory terms does not suffice to satisfy the movant's burden to show that the other party has no evidence to prove its case.[12]  The non-movant is not required to produce evidence in opposition to a motion for summary judgment *until* the movant *first* satisfies its obligation of demonstrating the absence of factual issues.[13]  The factual issue of willfulness is not well suited to summary judgment.[14]

### III.  SUMMARY JUDGMENT EVIDENCE

In support of this Response, Plaintiff submits and incorporated herein the following summary judgment evidence:

Exhibit 1:   Sworn Declaration of Ana Villegas

Exhibit 2:   U.S Department of Labor Opinion Letter FLSA2006-31

Exhibit 3:   Sworn Declaration of Rhonda H. Wills

Exhibit 4:   Plaintiff's Pay Record for March 15, 2008 to March 31, 2008

Exhibit 5:   Plaintiff's Pay Record for April 1, 2008 to April 15, 2008

Exhibit 6:   Plaintiff's Offer Letter of Employment

Exhibit 7:   Plaintiff's Acknowledgment Form

Exhibit 8:   2008 Mortgage Loan Originator Plan I

Exhibit 9:   DOL Handout, "What is the Minimum Wage?"

---

[11] *Celotex Corp. v. Catrett*, 477 U. S. 317, 328 (1986) (White, J. concurring).
[12] *Russ v. International Paper Co.,* 943 F. 2d 589, 592 (5th Cir.1991); s*ee also Celotex Corp. v. Catrett,* 477 U. S. at 328.
[13] *Russ,* 943 F. 2d at 592.
[14] *See e.g., Escobedo v. Dynasty Insulation, Inc*., 695 F. Supp. 2d 638, 650 (W.D. Tex. 2010); *Buckalew v. Celanese*, No. G-05-315, 2006 WL 2796221, at *2 (S.D. Tex. Sept. 27, 2006); *Karr v. City of Beaumont, Inc*., 950 F. Supp. 1317, 1323-24 (E.D. Tex. 1997).

## IV. ARGUMENT AND AUTHORITIES

### A. The Evidence Establishes that Defendants' Violation Was Willful.

Plaintiff began working for Defendants as a mortgage loan officer in 2007. According to Defendants, "Plaintiffs last date of employment with Regions Bank was April 15, 2008." Ds Mot. at 1. Plaintiff contends that she worked for Defendants beyond April 15, 2008. Nonetheless, it is undisputed that Plaintiff worked for Defendants within the three years preceding the filing of this lawsuit. Plaintiff filed this lawsuit on March 10, 2011.[15] Accordingly, Plaintiff's claims are within the three year statute of limitations for willful violations of the FLSA.

Defendants claim to have relied on the administrative exemption for classifying Ms. Villegas as exempt under the FLSA pursuant to Opinion Letter FLSA2006-31, which sets forth the guidelines for application of the exemption with respect to mortgage loan officers. Ds. Motion at 4-5. Defendants assert no other basis for their decision to misclassify Ms. Villegas as exempt under the FLSA. Accordingly, Defendants entire motion is premised on avoiding "willfulness" due to its "reliance on Department of Labor guidance" as set forth in Opinion Letter 2006-31. *Id*.

In fact, Defendants submitted as summary judgment evidence a sworn affidavit from Keith Smith, a Senior Vice President for Regions Bank, in which he testified that

> "From the time it was released in 2006, I and management at Regions Bank were aware of the fact that the U.S. Department of Labor Wage and Hour Division had released Opinion Letter FLSA2006-31[sic]. . . ."

Aff. of Keith Smith, Ex. A to Defendants' Motion for Summary Judgment [Doc No. 18].

Both Opinion Letter FLSA2006-31 and the FLSA Regulations provide unequivocally that in order to meet the administrative exemption, the employee must be compensated on a salary

---

[15] Plaintiff's Original Complaint [Doc. 1].

basis "at a rate of not less than $455 per week." Opinion Letter FLSA2006-31, Ex, 2; 29 C.F.R. 541.200(a)(1). Defendants have implicitly admitted that they were aware of this requirement by acknowledging that they were aware of and relied on the Opinion Letter and its guidelines for adhering to the administrative exemption standard.

However, it is undisputable that Ms. Villegas was not compensated on a salary basis at a rate of not less than $455 per week. In fact, Ms. Villegas was compensated on a commission basis, which meant that she was paid only if she closed a home loan.[16] Further, an examination of the pay records of Ms. Villegas for March and April of 2008—the relevant time period based on Ms. Villegas filing suit on March 10, 2011—reveals not only was she not compensated at a rate of $455 per week, she further did not receive even minimum wages[17]:

> Plaintiff's Pay Record for March 15, 2008 to March 31, 2008, Ex. 4:
>
>> Pay Date:  3/31/08
>>
>> **Earnings:  $500.00**
>>
>> **Hours:  86.67**
>>
>> **Rate per Hour:  $5.76**
>
> Plaintiff's Pay Record for April 1, 2008 to April 15, 2008, Ex. 5:
>
>> Pay Date: 4/15/2008
>>
>> **Earnings: $500.00**
>>
>> **Hours: 86.67**
>>
>> **Rate per Hour: $5.76**

---

[16] Villegas Decl. at ¶4, Ex. 1.
[17] The federal minimum wage from March to April 2008 was $5.85 per hour. Fair Minimum Wage Act of 2007; *See* DOL Handout, "What is the Minimum Wage?", Ex. 9.

It is evident and undisputable based on Plaintiff's pay records that during the time relevant to this lawsuit, Defendants failed to pay Ms. Villegas on a salary basis of at least $455 per week, and they further failed to pay her even minimum wages. These same pay records established that she was not paid any overtime wages.

The standard for a willful violation of the FLSA is clear. Under the FLSA, a violation is "willful" if the employer either "knew or showed reckless disregard for … whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.,* 324 F. 3d 813, 821 (5th Cir. 2003). Here, the evidence demonstrates that Defendants either knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Defendants have admitted that they examined the DOL Opinion Letter that specifically set forth the salary basis requirement of not less than $455 per week in order to meet the administrative exemption. The evidence further conclusively establishes that Plaintiff was paid on a commission basis and during the relevant pay periods received approximately $250 per week at an hourly rate of $5.76, which was below the prevailing minimum wage at the time.[18] Accordingly, Defendants' motion for summary judgment on the issue of willfulness should be denied.

**B.  Defendants Have Failed to Plead the Administrative Exemption, and Therefore, the Exemption is Waived.**

An exemption under the Fair Labor Standards Act is "an affirmative defense that is waived if not pleaded." *Donovan v. Hamm's Drive Inn*, 660 F.2d 306, 317 (5th Cir. 1981); *see also Oden v. Oktibbeha County*, 246 F.3d 458, 467 n.10 (5th Cir. 2001), *cert. denied*, 534 U.S. 948 (2001) (statutory exemptions should be pleaded as affirmative defenses). FLSA "exemptions are 'construed narrowly against the employer seeking to assert them,' and the

---

[18] The federal minimum wage from March to April 2008 was $5.85 per hour. Fair Minimum Wage Act of 2007; *See* DOL Handout, "What is the Minimum Wage?", Ex. 9.

***employer bears the burden of proving*** that employees are exempt." *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. Tex. 1990) (emphasis added).

In order to seek a summary judgment with respect to an affirmative defense, the defendant must first plead the affirmative defense before the Court even considers granting a summary judgment. *See e.g.*, *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 348 (1971) (estoppel defense should be pleaded affirmatively and then determined on summary judgment). Here, Defendants have failed to assert the administrative exemption as an affirmative defense. *See* Defendants' Orig. Answer [Doc. No. 7]. Accordingly, Defendants cannot use the administrative exemption as a basis to avoid a willful violation when they never even pled the exemption as a defense to Plaintiff's claims.

**C.    Plaintiff Was Jointly Employed by Regions Bank and Regions Financial Corporation.**

Defendants admit that Ms. Villegas was employed by Defendant Regions Bank, but deny that she was ever employed by Defendant Regions Financial Corporation.[19] Ds Mot. at 6-7. In fact, Defendants argue that Plaintiff "had no interactions with Regions Financial Corporation." Ds Mot. at 7. On the contrary, there is evidence that Plaintiff was jointly employed by Regions Financial Corporation. Ms. Villegas received her offer of employment from Regions Financial Corporation. The offer letter from an Executive Recruiter with Regions Financial Corporation, specifically stated:

> "This offer is contingent on Regions' successful verification of your employment history and educational record and a criminal background check for employment eligibility with **Regions Financial Corporation**."

---

[19] Defendants further state that Defendant Regions Mortgage, Inc. merged with Regions Bank in 2003 and no longer exists as a separate legal entity. Accordingly, Regions Mortgage, Inc. is the same entity as Regions Bank. *See* Ds Mot. at 7.

Offer Letter, Ex. 6 (emphasis added). Likewise, Plaintiff was required to adhere to the policies of Regions Financial Corporation as a term of employment. Acknowledgment Form, Ex. 7. Plaintiff's compensation rates and terms were also determined by Regions Financial Corporation. 2008 Mortgage Loan Originator Plan I, Ex. 8. Accordingly, Plaintiff was employed by Regions Financial Corporation, and that entity should not be dismissed from this lawsuit.

## V. **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment, and for all other relief at law or in equity to which Plaintiff is entitled.

Respectfully submitted,

By: /s/ Rhonda H. Wills
    Rhonda H. Wills
    ATTORNEY-IN-CHARGE
    State Bar No. 00791943
    S.D. Id. No. 20699
    WILLS LAW FIRM
    1776 Yorktown, Suite 600
    Houston, Texas 77056
    Telephone: (713) 528-4455
    Facsimile: (713) 528-2047

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 26th day of June, 2012.

/s/ Rhonda H. Wills
Rhonda H. Wills