# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANA VILLEGAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-904 |
| | § | |
| REGIONS BANK, *et al*., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This is a Federal Labor Standards Act ("FLSA") case. Ana Villegas sued her former employer, Regions Bank, and its affiliates, Regions Financial Corporation and Regions Mortgage, Inc., alleging violations of the FLSA's overtime and minimum wage requirements. The defendants moved for summary judgment on the grounds that Villegas's claims are time-barred under the two-year statute of limitations applicable to nonwillful violations and that she was never employed by Regions Financial Corporation or Regions Mortgage, Inc. (Docket Entry No. 18.) Villegas responded with arguments and evidence disputing each ground. (Docket Entry No. 19.) The defendants replied. (Docket Entry No. 20.)

Based on a careful review of the pleadings; the motion, response, and reply; the record; and the applicable law, this court denies the motion for summary judgment on limitations, denies summary judgment that Regions Financial Corporation was not Villegas's employer, and grants summary judgment that Regions Mortgage, Inc was not Villegas's employer. The reasons are explained below.

**I.     Background**

Regions Bank is a state-chartered bank whose business includes making mortgage loans. Regions Financial Corporation is a related but separate corporate entity. Regions Mortgage, Inc. was a related but separate corporate entity until 2003, when it "merged with and into Regions Bank" and became "a department of and d/b/a name of Regions Bank." (Docket Entry No. 18-1, at 2.)

In September 2007, Villegas received an "offer of employment" to join "Regions Mortgage" as a "Mortgage Loan Originator." (Docket Entry No. 19-6, at 1.) The offer letter, signed by a representative of "Regions Financial Corporation," stated that Villegas would be "joining Regions Mortgage Corporation." (*Id.* at 2.) Villegas was to receive a "Guaranteed Draw" of $2,000 per month in 2007. (*Id.* at 1.) Effective January 1, 2008, she was to receive a draw of $4,000 per month, subject to reduction if she did not meet "loan production requirements." (*Id.*)

Villegas began her employment with Regions[1] on September 27, 2007. (Docket Entry No. 18-1, at 2.) According to Villegas, she was paid "on a commission only basis, which meant that [she] was paid if and only when [she] sold a home loan." (Docket Entry No. 19-1, at 1.) "As a result of this compensation policy, [Villegas] received no salary, no minimum guaranteed wages and no overtime pay." (*Id.*) She worked for six and one-half months, from September 27, 2007 until April 15, 2008. (Docket Entry No. 18-1, at 2.)

Regions classified Villegas and other mortgage-loan officers as exempt employees under the FLSA. (Docket Entry No. 18-1, at 3.) Regions did so based in part on a 2006 opinion letter from the U.S. Department of Labor ("DOL") Wage and Hour Division that analyzed whether mortgage-loan officers fell within the exemption for administrative employees set forth in 29 U.S.C. §

---

[1] Because the parties dispute which entity or entities employed Villegas, this court will generally refer to Villegas's employer as Regions.

213(a)(1). (*Id.*) The DOL opinion letter concluded that mortgage-loan officers fell within the administrative exemption if they met certain requirements, including that the employee be paid on a salary or fee basis at a rate of not less than $455 per week. (Docket Entry No. 19-2, at 2, 7.) The opinion letter was in effect throughout Villegas's employment with Regions, although it was later withdrawn in March 2010. Pay records show that Villegas was paid $500 for each of the two-week pay periods ending March 31, 2008 and April 15, 2008. (Docket Entries No. 19-4 & 19-5.) Villegas's employment with Regions ended on April 15, 2008. (Docket Entry No. 18, at 3.)

Villegas sued Regions Bank, Regions Financial Corporation, and Regions Mortgage, Inc. on March 10, 2011. The defendants have moved for summary judgment on two grounds. First, the defendants argue that Villegas's claims are time-barred under the two-year statute of limitations applicable to non-willful violations of the FLSA. Second, two of the defendants—Regions Financial Corporation and Regions Mortgage, Inc—argue that they are not liable as a matter of law because only Regions Bank employed Villegas. (Docket Entry No. 18.) Villegas responds that the FLSA's three-year statute of limitations applies because she has produced evidence sufficient to support a finding that the defendants willfully violated the FLSA. She also argues that the offer letter she received creates a disputed fact issue material to determining whether Regions Financial Corporation was one of her employers. (Docket Entry No. 19.)

The parties' arguments are analyzed below.

## II.    The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289

(1968)).

## III. Analysis

### A. The Statute of Limitations

An FLSA action must be filed "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988). Villegas's employment ended in April 2008. She sued in March 2011. Whether the statute of limitations bars her claims depends on whether her claims arise out of the defendants' willful violation of the FLSA.

A willful violation of the FLSA occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133; *see also Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003); *Reich v. Tiller Helicopter Services, Inc.*, 8 F.3d 1018, 1036 (5th Cir. 1993). The reckless disregard standard is not satisfied by showing merely "that an employer knew that the FLSA 'was in the picture.'" *McLaughlin*, 486 U.S. at 132–33. The plaintiff bears the burden of proving that the violation was willful. *Id.* at 135; *see also Samson v. Apollo Res., Inc.,* 242 F.3d 629, 636 (5th Cir. 2001) ("Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim."). Because "willfulness is a question of fact, summary judgment in favor of the employer is inappropriate if the plaintiff has introduced evidence sufficient to support a finding of willfulness." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009).

The defendants argue there is no evidence that they willfully violated the FLSA because the record evidence reveals that they classified Villegas as an exempt employee in reliance on DOL

5

Opinion Letter FMLA2006-31. (Docket Entries No. 18, 20.) That opinion letter concluded that mortgage-loan officers fell within the FLSA's administrative exemption if they met certain requirements, including the requirement that they be paid on a salary or fee basis at a rate of not less than $455 per week. (Docket Entry No. 19-2, at 2, 7.)

The record evidence reveals that the defendants were aware of the contents of the DOL opinion letter when they classified Villegas as an exempt employee. Keith Smith, Regions Bank's Senior Vice-President, testified in his affidavit that "[f]rom the time it was released in 2006, I and management at Regions Bank were aware of the fact that the U.S. Department of Labor Wage and Hour Division had released Opinion Letter FMLA2006-31, which stated that mortgage loan officers were properly classified as exempt employees under the [FLSA]." (Docket Entry No. 18-1, at 3.) Smith further testified that after "[m]anagement at Regions Bank reviewed the Opinion Letter and compared the job duties described in the Opinion Letter to the job duties of [the bank's] mortgage loan officers," it concluded, "based on the guidance in the Opinion Letter," that Villegas was "properly classified as FLSA exempt." (*Id.*) The opinion letter made clear that "the administrative exemption requires payment on a salary or fee basis at a rate of not less than $455 per week." (Docket Entry No. 19-2, at 2.) The DOL letter also cautioned that its analysis of whether mortgage-loan officers fall within the FLSA's administrative exemption "assume[s] . . . that they are paid on a salary basis at a rate of at least $455 per week." (*Id.*)

The record evidence supports the inference that the defendants willfully violated the FLSA because they knew that Villegas did not meet two of the requirements for the administrative exemption outlined in the DOL opinion letter. Villegas's pay records show that she was paid $500 during each of the two-week pay periods ending March 31, 2008 and April 15, 2008—a rate of only $250 per week. (Docket Entry No. 19, Ex. 4–5.) Moreover, Villegas's offer letter and affidavit

testimony show that she was not compensated on a salary or fee basis because her draw in 2008 was contingent on whether she met loan production requirements. (Docket Entry No. 19-6, at 1; Docket Entry No. 19-1, at 1.) The evidence that Villegas was not compensated on a salary or fee basis at a rate of at least $455 per week and that the defendants were aware of the opinion letter's administrative exemption requirements preclude summary judgment that any FLSA violation was not willful.

The defendants cite several cases for the proposition that an employer's reliance on a DOL opinion letter precludes a finding of willfulness even when the letter is later withdrawn and its conclusions are determined to be invalid. Those cases are distinguishable, however, because each involved an employer that acted in conformity with the DOL letter. *See Henry v. Quicken Loans Inc.*, 2009 WL 3270768 (E.D. Mich. July 16, 2009) *report and recommendation adopted*, 2009 WL 3199788 (E.D. Mich. Sept. 30, 2009) (stating that "[a]fter identifying the particular opinion letter upon which it relied, the employer must make three showings: that it acted (1) 'in reliance on' the letter, (2) 'in conformity with' the letter, and (3) 'in good faith,'" and finding that the employer did so); *Schneider v. City of Springfield*, 102 F. Supp. 2d 827, 833 (S.D. Ohio 1999); *Zachary v. Rescare Oklahoma, Inc.*, 471 F. Supp. 2d 1183, 1188 (N.D. Okla. 2006). In this case, Villegas has introduced evidence that the defendants did not act in conformity with the DOL opinion letter. Based on the current record, the court cannot conclude as a matter of law that the FLSA's two-year statute of limitations applies to Villegas's claims. The motion for summary judgment on the statute of limitations is denied.

### B. The Proper Defendants

The defendants argue that Regions Financial Corporation and Regions Mortgage, Inc. are not liable as a matter of law because only Regions Bank employed Villegas. A worker qualifies as

7

an employee under the FLSA if she is "such as a matter of economic reality." *United States v. Silk*, 331 U.S. 704, 713 (1947); *see also Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (stating that "determination of employee status focuses on economic reality and economic dependence"). The "'economic reality' test [considers] whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Watson*, 909 F.2d at 1553.

The defendants have presented evidence, through Smith's affidavit, showing that "Villegas was never employed by Regions Financial Corporation or Regions Mortgage, Inc." (Docket Entry No. 18-1, at 2.) Smith testified that Regions Mortgage, Inc. "was merged with and into Regions Bank in 2003" and "is now a department of and d/b/a name of Regions Bank." (*Id.*) Smith further testified that neither "Regions Financial Corporation nor Regions Mortgage, Inc. (as a separate corporate entity) ever exercised any control over Ms. Villegas' employment." (*Id.*)

In response, Villegas argues that she was jointly employed by Regions Bank and Regions Financial Corporation. (Docket Entry No. 19, at 3.) Villegas does not dispute, however, that Regions Mortgage, Inc. merged with Regions Bank in 2003. (*Id.* at 8.) She has not identified or submitted any evidence showing that she was employed by Regions Mortgage, Inc. when it was a separate entity from Regions Bank. She agrees that "Regions Mortgage, Inc. is the same entity as Regions Bank." (*Id.*)

Based on the undisputed record evidence that Regions Mortgage, Inc. was the same entity as Regions Bank during the entirety of Villegas's employment, the motion for summary judgment is granted as to Regions Mortgage, Inc. But the motion for summary judgment is denied as to Regions Financial Corporation. Villegas points to two documents that support a factual inference

that Regions Financial Corporation was a joint employer: her offer letter and an "Acknowledgment Form" she signed after she was hired. The letter, which was signed by an Executive Mortgage Recruiter of Regions Financial Corporation, stated that the offer was "contingent on Regions' successful verification of [Villegas's] employment history and educational record and a criminal background check for employment eligibility with Regions Financial Corporation." (Docket Entry No. 19-6, at 2.) The offer letter also stated that Regions was "looking forward to [Villegas] joining Regions Mortgage Corporation." (*Id.*) The acknowledgment form bears the heading "Regions Financial Corporation." (Docket Entry No. 19-7, at 1.) It states that it contains "important information that affects you as a Regions associate," including information about how to use the "company Intranet" to access "Associate Benefits Plan Descriptions," a "Code of Conduct," and other information that employees are "responsible for reading and becoming familiar with." (*Id.*) Together, the offer letter and acknowledgment form suggest that Regions Financial Corporation, which is a separate entity from Regions Bank, had the power to hire Villegas; controlled the conditions of her employment; and maintained records regarding her employment. This evidence creates a disputed fact issue material to determining whether Villegas was employed by Regions Financial Corporation as well as Regions Bank.

**IV. Conclusion**

The defendants' motion for summary judgment, (Docket Entry No. 18), is granted in part and denied in part.

SIGNED on July 19, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge