IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANA VILLEGAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-904 |
| § | |
| REGIONS BANK, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The only issue remaining in this settled FLSA action is the attorney's fees sought by the plaintiff, Ana Villegas. She submitted a motion for entry of final judgment seeking $1,413.00 in damages (unopposed) and $16,537.50 in fees (opposed). (Docket Entry No. 25). The defendants, Regions Bank and Regions Financial Corporation, argue that the fees sought are unreasonably high. This court held a hearing at which the parties addressed the fee amount. Based on the motion and the response, the record, and the applicable law, this court grants the motion for attorney's fees but reduces it somewhat, to $13,230.00 based on 29.4 hours of work at $450.00 per hour. The reasons are explained below.

**I.     Background**

In March 2011, Ana Villegas sued her former employer, Regions Bank, and its affiliates, Regions Financial Corporation and Regions Mortgage, Inc., alleging violations of the FLSA's overtime and minimum wage requirements for the time she worked as a mortgage-loan officer. Villegas alleged a collective action for a class of mortgage-loan officers classified as exempt administrative employees and paid on a commission-only basis. Villegas alleged that the defendants had wilfully violated the FLSA because the loan officers were clearly not covered under Department

of Labor opinion letter FLSA2006-31, which set out the guidelines for applying the administrative exemption to mortgage-loan officers. The DOL opinion letter concluded that mortgage-loan officers fell within the administrative exemption only if they met certain requirements, including that the employee be paid on a salary or fee basis at a rate of not less than $455 per week. (Docket Entry No. 19-2, at 2, 7.) The opinion letter was in effect throughout Villegas's employment with Regions, although it was later withdrawn in March 2010. Pay records show that Villegas was paid $500 for each of the two-week pay periods ending March 31, 2008 and April 15, 2008. (Docket Entries No. 19-4 & 19-5.)

In January 2012, Villegas advised counsel for the defendants that she would not be seeking collective-action treatment. In February 2012, the parties discussed settlement. Villegas took the position that she had worked more than five weeks, but she did not know how many additional hours or weeks she had worked and therefore sought only five weeks of compensation. The parties agreed to settle damages for approximately $1,413.00, and the defendants ultimately offered judgment in that amount. But the parties could not agree on settling the fees. The plaintiff demanded $6,000.00, which was rejected.

In June 2012, the defendants moved for summary judgment on the grounds that Villegas's claims were time-barred under the two-year statute of limitations for nonwillful violations and that she was never employed by Regions Financial Corporation or Regions Mortgage, Inc. (Docket Entry No. 18.) This court denied the motion for summary judgment on limitations (on the basis of the DOL opinion letter); denied the motion for summary judgment on the basis that Regions Financial Corporation was not Villegas's employer, and granted summary judgment on the basis that Regions Mortgage, Inc. was not Villegas's employer. (Docket Entry No. 21).

The parties agree that final judgment should be entered for a damages amount of $1,413.00. Although, as noted, Villegas argued that she had worked more than five weeks, she has agreed to settle on the basis of five weeks of work. The parties continue to dispute the fee award. Counsel for the defendants urged that 36.75 hours is excessive; that this case should have been settled in February 2012, as soon as Villegas decided to proceed solely on the basis of her individual claim; and that no fees should be awarded for time spent after February 2012. On that basis, the hours spent would total 18 and the fees would be $8,100.00. Most of Villegas's counsel's work after February 2012 was in responding to the motion for summary judgment, which was denied in large part ($4,837.50, based on 10.75 hours of work), and on a number of conferences with Villegas ($1,575.00, based on 3.5 hours of work from March 2011 to August 2012).

The parties' arguments are addressed in light of the applicable law.

**II.     Settlement Approval**

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). If the settlement reflects "a reasonable compromise over issues," the court may approve it. If the amount is full compensation for the unpaid overtime or minimum wages, court approval is not needed. *E.g.*, *Villeda v. Landry's Restaurants, Inc.*, 2009 WL 3233405, at *1 & n.1 (S.D. Tex. Oct. 7, 2009). In this case, the $1,413.00 either is full compensation for the hours the plaintiff seeks compensation for or reflects a reasonable compromise. The proposed settlement is approved and final judgment will be entered based on that damages sum.

### III.     Attorney's Fees

#### A.     The Legal Standard

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Fee awards are mandatory for prevailing plaintiffs in FLSA cases.  *Riddle v. Tex-Fin, Inc.*, 2011 WL 1103033, at *5 (S.D. Tex. Mar. 22, 2011).

Villegas is the prevailing party in this case.  The Supreme Court has held that a party is a "prevailing party" for the purposes of an attorney's fee award if the party "succeeded on any significant claim affording it some of the relief sought."  *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).  This includes a party who benefits from a settlement that is "judicially sanctioned."  *Roberson v. Giuliani*, 346 F.3d 75, 79–80 (2d Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)).

Courts must use the "lodestar method" to assess attorney's fees in FLSA suits.  *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).  The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney.  *Id*.  The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.  *Id.*  The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualification and skill.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Although the lodestar method effectively replaced the balancing test set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), those factors may still be considered.  The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty

and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. The most important factor to consider is the result obtained. If the success is limited, the lodestar should be reduced to reflect that. But the fee award should not be simply proportionate to the result obtained. *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir. 1997). Given the nature of FLSA claims, it is not uncommon that attorney's fee requests will exceed the amount of judgment in the case.

B.     **Lodestar Calculation**

The first step in computing the lodestar is determining a reasonable hourly rate. The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The affidavit of counsel for Villegas, combined with this court's own expertise and judgment and information disclosed in the case law, supports an hourly rate of $450.00 in this case. *See Black v. SettlePou, P.C.*, 2012 WL 3638681, at *4 (N.D. Tex. Aug. 24, 2012) (finding reasonable a $450.00 hourly rate in an FLSA case for plaintiff's counsel in a large Texas metropolitan area). The court finds that the hourly rate submitted

by counsel for Villegas is consistent with the prevailing Houston market rate for attorneys with comparable experience and is reasonable.

The second step in the lodestar analysis is to determine the number of hours reasonably expended on the litigation. Hours that are excessive, redundant, or otherwise unnecessary are to be excluded. In dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application. Fee applicants have the burden of establishing the appropriate hours. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

Counsel for Villegas submitted a summary of billing records for her work on this case and an affidavit describing the nature and amount of the work performed. The defendants argue that the number of hours is excessive in relation to what the case involved, once it became clear that the case was an individual action involving a short period of employment (although Villegas disputed just how short). But the defendants do not point to a specific activity or amount of time that was unreasonable. Instead, the defendants argue that no fees should be awarded for work done after the parties failed to settle in February 2012 and the defendants moved for summary judgment. Such an unspecific challenge to the reasonableness of particular tasks or hours spent is not an adequate basis to shrink the fee award. The fact that the defendants moved for summary judgment on several grounds, each of which required a response, justifies the time spent in responding. The defendants' refusal to settle and instead seek summary judgment was their prerogative, but it was also the reason the fees for responding to the motion were incurred. *See Red Giant, Inc. v. Molzan, Inc.*, 2009 WL 2242349, at *7 (S.D. Tex. July 24, 2009) (noting that the defendants' "decision to refuse to sign a negotiated settlement agreement, not just once, but twice, [was] a factor that resulted in additional

6

fees being incurred"). The defendants' proposal at the hearing on fees simply to disallow all fees incurred after February 2012 is not supported in the record or case law.

The defendants correctly observe that fees should not overwhelm a case. In FLSA cases, as noted, the amount of damages is often less than the fees awarded. The proper measure is not proportionality. But the case law recognizes that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. The case law provides guidance on reductions to the lodestar to reflect the degree of success. In *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 151–52 (2d Cir. 2008), the court upheld a 50 percent reduction to the $99,778.75 lodestar based on the plaintiff recovering only $1,774.50 on her FLSA claim, a fraction of the damages initially sought, because she failed to obtain collective action certification. In *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999), the Seventh Circuit upheld an attorney's fee award that reduced the lodestar by 50 percent because the plaintiff obtained a judgment that included $1,000 of unpaid overtime, but did not include the other relief that made up the $25,000 prayer. In *International Brotherhood of Carpenters & Joiners of America, AFL–CIO, Local Union No. 217 v. G.E. Chen Construction, Inc.*, 136 F. App'x 36, 39 (9th Cir. 2005), the court upheld a 67 percent reduction to the lodestar. The plaintiffs initially sought $6.7 million but recovered only $7,897 on their FLSA claim; the court awarded $208,173.08 in attorney's fees for the FLSA claim. In *Powell v. Carey International, Inc.*, 547 F. Supp. 2d 1281, 1296–97 (S.D. Fla. 2008), the court reduced the lodestar by 67 percent because the plaintiffs recovered a total of $294,140 after initially seeking more than $15 million in damages under the FLSA. In *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1326–28 (M.D. Fla. 2001), another FLSA case, the court reduced the lodestar by 67 percent because the plaintiffs recovered less than 15 percent of the damages originally claimed. In *Hoffman v. S. Garber, Inc.*, 1993 WL 189623, at *4 (N.D. Ill. June

2, 1993), the court reduced the lodestar by 41 percent, reflecting the difference between the amount sought under the FLSA and the result obtained.

Using the guidance provided by those cases, some reduction to the fee amount Villegas seeks is appropriate. By February 2012, approximately eight months after filing this case, Villegas agreed not to pursue any collective action and not to pursue a claim for having worked additional hours eight months after the case was filed. At that point, it was clear that her claim could not result in a large recovery. Before then, her counsel had spent approximately 21 hours on the case, incurring fees of approximately $10,000.00 on a lodestar basis. After settlement efforts proved unsuccessful, 12.50 additional hours were spent—an additional $5,625.00 in fees—excluding client conferences. Taking into account the *Johnson* factors, primarily the degree of success achieved, this court reduces the lodestar amount by 20 percent, changing the amount sought by $3,307.50, to $13,230.00. This amount is a fair, reasonable, and equitable fee, consistent with the purposes behind the FLSA and other, similar fee-shifting statutes, as well as the degree of Villegas's success. *See, e.g.*, *Riddle*, 2011 WL 1103033, at *11–12.

### III.   Conclusion

The request to enter the final judgment is granted. Attorney's fees are awarded in the amount of $13,230.00. Costs in the amount of $1,475.89 are not disputed and are also awarded.

SIGNED on January 4, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge